MARY MORGAN'S ADM'R *v.* N. NICHOLAS AND WIFE.

**Husband and Wife—Waiver of Right to Wife's Property.**

A covenant by a husband to release all claim in and to his wife's estate, where unexplained or modified by anything else, can not be construed as a surrender or waiver of his right to take the interest in his wife's estate which would otherwise be secured to him by law in case he survives her.

**Executors and Administrators—Suit by Heirs—Burden of Proof.**

Where the heirs of the wife sued the administrator of the husband to have their rights determined as to a note and mortgage alleged to belong to the wife, it is incumbent upon the heirs to allege and prove such facts as will show that they are entitled to the relief sought.

APPEAL FROM FAYETTE CIRCUIT COURT.

January 28, 1873.

OPINION BY JUDGE LINDSAY:

The right of persons contemplating marriage to enter into such an ante-nuptial agreement as will secure to the prospective wife a separate estate in such property as she may own at the time of the marriage or may thereafter acquire, is well settled. The principle which excluded the husband from the exercise of his marital rights over the wife's estate, limits this exclusion no further than is manifestly intended by the contracting parties. While the instrument evidencing the contract should receive a fair and possibly a liberal construction in favor of the wife, the right of the surviving husband to take so much of the wife's personal estate as remains undisposed of at the time of her death, ought not to be taken from him by construction.

Appellee's counsel insist that the just and fair import of the provisions of the settlement in this case exclude the husband, not only from the right to control or appropriate the wife's estate during the coverture, but also from taking any interest in it either as survivor or administrator in case he should outlive her. The language is as follows: He "binds himself, his heirs, executors and administrators to release all right or claim in and to the estate of the party of the first part, real, personal and mixed, and gives, grants, conveys to her own separate use and benefit all estate, real and personal and mixed, which the party of the first part may now have, and the party of the second part binds himself, his heirs, executors and administrator (to) give and grant to the party of the first part all the right to any estate she may now hold or possess, as though she was an unmarried woman, and to exercise no control over the same in any manner whatever, and in consideration that the party of the first part is permitted the rights and privileges of a feme sole over her own estate she therefore agrees, etc."

The husband agrees to and does release all right or claim to the

estate of his intended wife, conveys the same to her for her own special use and benefit and binds himself and his representatives that he will exercise no control over it in any manner whatever and that the wife shall be permitted to have and exercise over it the rights and privileges of a feme sole.

The only covenant upon the part of the husband that can properly be construed into a surrender or waiver of his right to take the interests in the wife's estate which would otherwise be secured to him by law in case he should survive her is the agreement to release all claim in and to such estate.

This covenant, unexplained or modified by anything else, would scarcely admit of the construction insisted upon, and when it is considered in connection with the subsequent explanations set out in the agreement, it is manifest that no right or power was intended to be secured by the wife, or conferred by the husband, except the right upon her part to hold her estate as separate property, with power to use and control it as though she was an unmarried woman.

These rights and powers could exist only so long as the coverture should continue, and the marital rights, which the husband could not enjoy except upon the death of the wife, during his life can not be regarded as excluded by the deed of settlement when so construed.

In this case it is not shown by proof whether the husband or wife survived. It is alleged in the answer that the husband admits that he survived his wife. It is questionable whether or not appellees were bound to reply to this answer. This question need not be decided in this case. This action was instituted by those claiming under the wife. It is necessary to a recovery upon their part, against the representative of the husband, that they shall make out their case. If they sued upon the note itself, or upon the original mortgage, their title to these evidences of debt might be implied, but they exhibit neither of these papers and alleged that they have never been in possession of either of them.

They state that the husband and wife are both dead, but leave the dates of their respective deaths blank. From their pleadings it can not be determined which of them survived. Now, as their right to the note and mortgage depends upon whether or not Mrs. Morgan survived her husband, and as they sue his representative to have the question of title as between themselves and him adjudicated, it is incumbent upon them to allege and prove such facts as

will show that they are entitled to the relief sought. This, in our opinion, they have failed to do.

Judgment reversed and cause remanded for further proceedings consistent with this opinion. Appellees should be allowed to amend their petition in case they offer to do so within a reasonable time.

*Kinkead, Buckner, for appellant.*

*Gibbons, Falconer, Breckenridge, Buckner, for appellee.*